IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **J.R. KELLY COMPANY,** | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:25-cv-2025-DWD |
| **HAEBOM CO, LTD., ET AL.,** | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Now before the Court in this matter is Plaintiff J.R. Kelly Company's Motion for Remand of the instant case back to state court. For the reasons contained herein, Plaintiff's Motion for Remand (Doc. 13) is **GRANTED**.

Plaintiff filed its Complaint on March 11, 2025, in the Circuit Court of Madison County Illinois, case number 2025-LA-0289. (Doc. 1-1, pgs. 16–26). Plaintiff asserts multiple claims against Defendants Haebom Co., Ltd. (Haebom), KR Royod International, Inc., Roy International, Tureban Ltd., Dupo Food, Si Gon Ro, and Young Geun Ro relating to an agreement between the parties for the supply of horseradish root. (Doc. 1-1, pgs. 16–26). Defendant Haebom filed its Notice of Removal to this Court on November 4, 2025. (Doc. 1). Defendants Young Guen Ro and Si Gon Ro consented to the removal. (Doc. 7).[1]

---

[1] Defendants Young Guen Ro and Si Gon Ro filed Declarations in Support of Consent to Removal on November 18, 2025, because additional time was needed after removal for translations before the declarations could be signed. (Doc.1, pgs. 1–2).

Haebom states in its Notice that the Court has original jurisdiction under 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000 and the case is between a "citizen[ ] of a State and citizens or subjects of a foreign state." (Doc. 1., pg. 1). The Notice also states that Haebom's removal is timely because, to the best of its knowledge and belief, it has not been served. (Doc. 1, pg. 2).

On December 4, 2025, Plaintiff filed its Motion for Remand and Memorandum of Law in Support Thereof now at issue. (Doc. 13). Plaintiff attached certificates of service showing that Defendants Haebom, Dupo Foods, Si Gon Ro and Young Guen Ro were served by and through the Supreme Court of Korea, pursuant to the 1965 Hague Convention on July 21, 2025. (Doc. 13, pgs. 2–3; Doc. 13-2, pgs. 3, 10, 17, 24). Plaintiff argues that these certificates of service, e-mails from counsel for Defendants, and Defendants' filings in state court prior to removal demonstrate that removal was not timely, and not all defendants consented to the removal. (Doc. 13, pgs. 10–12). Plaintiff also asks that the Court require Defendants pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" pursuant to 28 U.S.C. § 1447(c). (Doc. 13, pg. 12; Doc. 18-1, pg. 3).

None of the Defendants filed a response to Plaintiff's motion by the deadline prescribed by Local Rule 7.1(c). However, on January 19, 2026, Defendants moved for leave to file their response instanter. (Doc. 20). Defendants claim that their delay in filing a response was due to a "good-faith misunderstanding of the applicable briefing procedure following removal, coupled with the need to confer with foreign clients regarding service-related materials that were not reflected on the state-court docket at the

time of removal." (Doc. 20, pg. 1). In the response, Defendants state that they do not oppose Plaintiff's Motion for Remand after reviewing the supporting exhibits filed therewith and conferring with other Defendants. (Doc. 20, pg. 2). Defendants oppose any award of attorneys' fees of costs under 28 U.S.C. § 1447(c), asserting that they "acted in good faith based on the information reasonably available, including the absence of any proof of completed foreign service reflected in the state-court filings[.]" (Doc. 20, pg. 2). Defendants further argue that an award of fees or costs is not warranted because "no discovery has occurred, no substantive rulings have been issued, and Plaintiff has suffered no prejudice." (Doc. 20, pg. 2).

As such, Defendants have not challenged the certificates of service demonstrating that they were properly served with the Complaint on July 21, 2025. Defendant Haebom's notice of removal was not filed until November 4, 2025. (Doc. 1). Accordingly, Defendant Haebom's Notice of Removal was not timely because it was not filed within the 30-day deadline provided by 28 U.S.C. § 1446(b). Further, Defendants concede that removal was untimely and acquiesce to remand. Therefore, the Court **GRANTS** Plaintiff's Motion for Remand.

Regarding Plaintiff's request that this Court order Defendants to pay its costs and fees associated with removal, § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." District Courts enjoy deference in their decision on the question of costs, expenses and fees under § 1447(c). While removal of this action was destined to fail at least due to Haebom's untimely removal, the Court does not find that

3

Defendants acted "absurdly" or in bad faith such that the argument for recovery might otherwise be bolstered. *See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). The Court concludes that an award of costs, fees and expenses is not warranted here and Plaintiff's request for the same is hereby **DENIED**.

## DISPOSITION

Plaintiff J.R. Kelly Company's Motion for Remand (Doc. 13) is **GRANTED**. Plaintiff J.R. Kelly Company's request for costs and expenses, including attorneys' fees, is hereby **DENIED**. The Clerk is directed to mail to the Circuit Court of Madison County, Illinois, a certified copy of this Order. The Clerk is further directed to dismiss and close this matter.

**SO ORDERED.**

Dated: January 20, 2026

DAVID W. DUGAN
United States District Judge